IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER T. WELLIVER, | Cause No. CV 20-169-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| ROGER BODINE; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on state pro se petitioner Christopher T. Welliver's Petition for writ of habeas corpus under 28 U.S.C. § 2254.   For the reasons set forth below, Welliver's petition should be denied.

## I.   Motion to Proceed in Forma Pauperis

Welliver seeks leave of the Court to proceed in forma pauperis.  (Doc. 2.) On November 27, 2020, Welliver provided a copy of his inmate account statement. (Doc. 4.) After reviewing the motion and supporting account statement, I find that Welliver has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II.     28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  Further, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   As explained below, Welliver's claim is not cognizable in federal habeas and his petition should be denied.

## III.   Background

Welliver recently filed a petition for a writ of habeas corpus in the Montana Supreme Court, seeking placement in CCP (Community Corrections Program) and the Billings Pre-Release Center.  *Welliver v. Bodine*, OP 20-0499, 2020 WL 6305720 (Mont. Oct. 27, 2020).[1]  The Court explained the background of Welliver's case:

> Welliver states that he was sentenced in May 2020 to a five-year term with the Department of Corrections (DOC) with two years suspended and has been in jail for eight months. He explains that instead of being transported or transferred, he has been detained in the county jail because of the constraints imposed by the novel coronavirus this year. Welliver asks to be placed on "probation with conditional release."

---

[1] See also, (Doc. 1 at 4, ⁋ 12.)

*Id*. at *1.  Although Welliver provided no attachments or exhibits in support of his state habeas petition, the Montana Supreme Court secured a copy of his judgment from Montana's Thirteenth Judicial District, Yellowstone County.  The Court observed that Welliver received concurrent five-year terms for felony criminal possession of dangerous drugs and for felony criminal endangerment, with two years suspended on each count.  *Id*.  Additionally, because Welliver failed to appear for his sentencing hearing he was arrested.  In July of 2020, Welliver was charged with criminal mischief and with escape.  *Id*.

In denying his petition, the Court noted that Welliver failed to demonstrate that his current incarceration was illegal:

> Our review of Welliver's pending cases reveals that his continued detention in the Yellowstone County Detention Center is due to his failure to appear for his court dates and absconding. Beyond that, the transportation and placement of offenders after sentencing is within the authority of the DOC. "Considering the number of inmates statewide who may be subject to a transfer order at any given time and the protocols in place to minimize the threat of COVID-19 within the correctional system, this Court [has] decline[d] to dictate the speed at which such transports must occur in a particular case." *Guyer v. Mont. Eighth Judicial Dist. Court*, No. OP 20-0233, Order, 2020 Mont. LEXIS 1933, *7, 2020 WL 3545205 (June 30, 2020). On October 19, 2020, Welliver had a change of plea and sentencing hearing for his second case. Upon the court's issuance of a written judgment, Welliver will be transported and placed by determination of the DOC.

*Id*.

## IV.   Welliver's Claims

In the instant matter, Welliver raises the same claim he presented to the

3

Montana Supreme Court.  He explains that he has been accepted to CCP and the Billings Pre-Release Program, but that due to COVID-19, the DOC is not transporting individuals.  (Doc. 1 at 4, ¶ 13(A)).  As a result, Welliver remains incarcerated at the Yellowstone County Detention Center.  *Id*.  Welliver asks this Court to order his release on probation and/or Intensive Supervision with the condition that he enroll in an out-patient drug treatment program.  *Id*. at 7, ¶ 17.

## V.    Legal Standards

As a preliminary matter, this Court is not able to provide Welliver the relief sought.  Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts.  *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions").  It would be entirely inappropriate for this Court to review Welliver's state sentence or amend the conditions of his placement.

Additionally, to be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000); see also, Rule 1 Governing Section 2254 Cases. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

custody upon the legality of that custody..." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.  But Welliver has not identified any federal ground for relief in the petition and has not alleged that his continued incarceration violates the Constitution or laws or treaties of the United States.

To the extent Welliver may be alleging that the conditions of his confinement violate his federal constitutional rights, the proper form of action is a civil rights complaint pursuant to 42 U.S.C. § 1983. See, *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (holding that the proper remedy for claims challenging conditions of confinement is a civil rights action pursuant to 42 U.S.C. § 1983). Although the Court has discretion under limited circumstances to construe a claim presented in a habeas petition as a § 1983 claim, see *Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc), the Court declines to do so in the present matter.

5

## VI.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Welliver has not made a substantial showing that he was deprived of a constitutional right.  Further, because Welliver has not asserted a federal constitutional claim, reasonable jurists would find no basis to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The motion to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1.  Welliver's Petition (Doc. 1) should be DENIED.

2.  The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Welliver may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Welliver must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of January, 2021.


*Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[2]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Welliver is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

7
